IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETH MCLEOD,                              *
                                          *
        Plaintiff,                   *
                                          *
vs.                                       *    No. 3:12CV00260 SWW
                                          *
CAVENAUGH FORD LINCOLN, LLC,              *
and AARON M. BALTZ,                       *
                                          *
        Defendants.                  *

**Opinion and Order**

    Before the Court is a motion filed by separate defendant Aaron Baltz to dismiss plaintiff's claims of discrimination and retaliation. Plaintiff responded to the motion and Baltz filed a reply. For the reasons stated below, the motion is granted in part and denied in part.

    Separate defendant Baltz was plaintiff's supervisor. Plaintiff alleges he sexually harassed her and then terminated her. In the motion before the Court, Baltz argues that plaintiff's discrimination and retaliation claims brought pursuant to Title VII and the Arkansas Civil Rights Act ("ACRA") should be dismissed because supervisors and other individual employees may not be held liable as employers under those statutes. Plaintiff agrees that Baltz cannot be held individually liable under Title VII but asserts that he may be sued under Title VII in his official capacity.[1] Plaintiff also agrees that Baltz cannot be held individually liable for discrimination under the ACRA. She asserts, however, that he can be held personally liable for acts of retaliation.

---

[1] Official capacity claims are brought against an individual defendant who is a state actor or who is functioning as a state actor. *See West v. Atkins*, 487 U.S. 42, 50 (1988). There is no allegation here that Baltz is sued in any "official" capacity.

The Eighth Circuit has repeatedly held that there is no individual liability under Title VII. *See Spencer v. Ripley County State Bank,* 123 F.3d 690 (8th Cir.1997); *Lenhardt v. Basic Inst. of Tech.,* 55 F.3d 377, 381 (8th Cir.1995); *Smith v. St. Bernards Regional Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994). Claims under the ACRA generally are analyzed in the same manner as Title VII claims. *Hill v. City of Pine Bluff, Arkansas,* 696 F.3d 709, 715–16 (8th Cir.2012); *Henderson v. Simmons Foods, Inc.,* 217 F.3d 612 (8th Cir. 2000). However, in *Calaway v. Practice Mgmt. Serv., Inc.,* 2010 Ark. 432 (2010), the Arkansas Supreme Court recognized a cause of action under the ACRA for retaliation against a supervisor in his individual capacity.

The Court, therefore, finds that plaintiff's Title VII discrimination and retaliation claims and her ACRA discrimination claim against Baltz should be dismissed. Her retaliation claim under the ACRA against Baltz should not be dismissed.

IT IS THEREFORE ORDERED that the motion for partial summary judgment [ECF No. 21] is granted in that the Title VII and ACRA discrimination claims and the Title VII retaliation claim against Baltz are dismissed. The motion is denied as to the ACRA retaliation claim against Baltz.

DATED this 14th day of August, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE